**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL GLENN CROSBY | |
| Appellant | No. 1686 WDA 2014 |

Appeal from the PCRA Order September 26, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0002371-1996

BEFORE:  PANELLA, J., MUNDY, J., and STRASSBURGER, J.[*]

JUDGMENT ORDER BY MUNDY, J.:                    **FILED MAY 7, 2015**

Appellant, Michael Glenn Crosby, appeals from the September 26, 2014 order dismissing as untimely his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

On September 22, 1999, the trial court imposed an aggregate sentence of life imprisonment without the possibility of parole for first-degree murder[1] and other offenses, committed when Appellant was 17 years old.  Appellant filed a timely post-sentence motion which was denied on

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 2502(a).

December 10, 1999. Appellant did not file a direct appeal with this Court.[2]

As a result, Appellant's judgment of sentence became final on January 10,

2000, when the filing period for a notice of appeal expired.[3] **See generally**

42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a). Appellant filed the instant

petition on July 13, 2012, as a result it was patently untimely.[4]

Instantly, Appellant argues that the United States Supreme Court's

decision in **Miller v. Alabama**, 132 S. Ct. 2455 (2012), applies retroactively

to his case. Appellant's Brief at 7. Even if we were to construe this issue as

arguing that a time-bar exception applies, our Supreme Court has rejected

this argument.[5] **Commonwealth v. Cunningham**, 81 A.3d 1, 11 (Pa.

---

[2] Appellant filed his first PCRA petition on July 12, 2010, which was dismissed as untimely, and this Court affirmed that order on September 15, 2011. **Commonwealth v. Crosby**, 34 A.3d 229 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

[3] We note that the 30th day was Sunday, January 9, 2000. Because the last day to file fell on a weekend, Appellant had until Monday, January 10, 2000, to timely file a notice of appeal. **See generally** 1 Pa.C.S.A. § 1908.

[4] We treat July 13, 2012 as the filing date under the prisoner mailbox rule, as the certified record contains the postmark from the envelope in which the petition was mailed. **See generally Commonwealth v. Chambers**, 35 A.3d 34, 38 (Pa. Super. 2011) (citation omitted), *appeal denied*, 46 A.3d 715 (Pa. 2012).

[5] On March 23, 2015, the Supreme Court granted *certiorari* in **Montgomery v. Louisiana**, 135 S. Ct. 1546 (2015), which presents the **Miller** retroactivity question. Nonetheless, until the United States Supreme Court issues its decision, **Cunningham** remains dispositive of the issue in Pennsylvania.

2013), *cert. denied*, **Cunningham v. Pennsylvania**, 134 S. Ct. 2724 (2014). Further, to the extent Appellant argues that this Court should give broader retroactive effect to **Miller** under **Danforth v. Minnesota**, 552 U.S. 264 (2008), this Court lacks the judicial power to decide that question for the purposes of the PCRA time-bar. **See** 42 Pa.C.S.A. § 9545(b)(1)(iii) (allowing a time-bar exception for "a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania … and has been held **by that court** to apply retroactively[]") (emphasis added). As a result, the PCRA court lacked jurisdiction to consider the merits of Appellant's claims.

Based on the foregoing, we conclude the PCRA court properly dismissed Appellant's second PCRA petition as untimely. Accordingly, the PCRA court's September 26, 2014 order is affirmed.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/2015